CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 14, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M.  Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ROBERT BARNES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:22-cv-493** |
| **v.** | ) | |
| | ) | |
| **HAROLD CLARKE, et al.,** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Robert Barnes, proceeding *pro se*, filed a Motion for Reconsideration (Dkt. 63), asking the court to reconsider its Order granting Defendants' motions for summary judgment and dismissing this case.

Motions for Reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) motions will be granted in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006).

Barnes argues that the court fundamentally misunderstood his assertion that the VDOC actively monitors at-home video visitation in real time, which led to the court's manifestly unjust decision to dismiss his First Amendment Freedom of Association claim. However, the court considered Barnes' factual assertion that VDOC actively monitors at-home video visitation in real time when dismissing his First Amendment claim. *See* Dkt. 61, p. 3 n. 2, pp. 7–8.  The evidence and argument cited by Barnes in his motion for reconsideration was presented to and considered by the court when ruling on summary judgment. *Id.* "[I]t is well settled that a motion

to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink what the Court has already thought through—rightly or wrongly.'" *In re Yankah*, 514 B.R. 159, 165 (E.D. Va. 2014) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The court recognized Barnes's assertion that at-home video visitation is monitored in real time by prison officials. The court recited the evidence Barnes provided in support of his assertion, including a VDOC Response to a Written Complaint regarding video visitation procedures, and an email from the VDOC "Video Visitation Review" to a private citizen stating that all video visitation are recorded and home video visits are monitored in real time and recorded. Dkt. 61, pp. 7–8.  This evidence did not contradict the VDOC visitation policy OP 851.1 setting forth visitation rules specific to convicted sex offenders, together with the Affidavit of Rick White, Warden of Red Onion State Prison, that at-home internet visitation requires a visitor to establish a private internet connection directly with the inmate at the VDOC facility, and the at-home video visits are recorded, but they are not actively monitored, as the VDOC has no way to "live monitor" connections that visitors make on their personal devices. Dkt. 27-1. Recordings are available to investigate any complaint of improper conduct during the visits. *Id.* Defendants asserted that the prison facility records all in-home video visits and the recordings are available for review.  The prison facility does not formally monitor the in-home video visits, but staff provide some limited oversight during in-home video visits in the visitation room. Staff may conduct some checks at that time and may terminate the connection if a rule violation

2

occurs.  However, these restrictions do not adequately address the need for active monitoring of the video visits in real time, which is critical when dealing with sex offenders.

Considering this evidence, the court held that VDOC has valid, rational reasons for the policy that excludes registered sex offenders from at-home video visitation, stating:

> These restrictions promote the legitimate governmental interests of rehabilitation, security, protection of the public, and permit only appropriate contacts for sex offender treatment programs. VDOC does not monitor the at-home video visitation calls in the same way and to the same extent that calls are monitored at the visitation centers. VDOC has no ability to control the actions of individuals outside of the prison, which presents a real risk that convicted sex offenders could use the private video connection during an in-home visitation for improper purposes.

Dkt. 61, p. 6.  The court found that alternative means exist for Barnes to exercise his freedom of association. *Id.*, p. 7.

Barnes' assertion that the prison does in fact live monitor at-home internet visitation was considered by the court in its ruling on summary judgment. Barnes has identified no new evidence, no change in controlling law, and no clear error or manifest injustice in the court's decision to dismiss his claims. Accordingly, Barnes' Motion for Reconsideration is **DENIED**.

It is **SO ORDERED**.

Entered:  May 14, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

3